UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                               Case No. 2:98-cr-69-TPB-KCD

RICHIE ANTONIO HILL,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Richie Antonio Hill's motion for compassionate release, filed *pro se* on May 11, 2023. (Doc. 108). On May 23, 2023, the Government filed its response.[1] (Doc. 110). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On August 30, 2000, the Court sentenced Defendant to 360 months' imprisonment after he pleaded guilty to carjacking and kidnapping without a plea agreement. (Docs. 86; 89). The charges were based on an interstate kidnapping and carjacking of a woman in Fort Myers, where he repeatedly beat the victim with the claw end of a hammer. Defendant, who is now 45 years old, is currently incarcerated at USP Florence-High, and he is projected to be released on April 6, 2036. In his motion, Defendant requests that the Court modify or reduce his

---

[1] As part of its response, the United States included a letter from the victim in this case. *See* (Doc. 110-1).

sentence to release him from federal prison under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Initially, the Court finds that it appears that Defendant has failed to exhaust his administrative remedies. Defendant does not allege he submitted any requests, nor does he attach any records to his motion. Instead, he appears to be basing his motion upon anticipated amendments that will take effect on November 1, 2023, if not disapproved by the President and Congress. But those amendments are not in effect yet, and exhaustion of administrative remedies is still required.

However, even if Defendant had exhausted his administrative remedies, the Court finds that Defendant is not entitled to relief because he has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence.

He has not identified any extraordinary and compelling reason, such as medical condition, family circumstances, or other reasons.[2]

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here. Specifically, the Court notes that Defendant presents a danger to the community. The crime he was convicted of is particularly violent and heinous, where he carjacked and kidnapped a woman, beating her on multiple occasions with a hammer. He also has a long history of sexual and violent misconduct since his incarceration.[3] *See* (Doc. 110 at 2). Defendant still has almost 13 years remaining before his current listed release date.

Defendant's release would create a serious public safety threat, and denying the motion promotes respect for the law, affords adequate deterrence, and continues

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[3] "The defendant's inmate discipline data is 134 pages long and includes infractions related to engaging in sexual acts, threatening bodily harm, assault, indecent exposure, destroying property, making sexual proposals, assault with serious injury, refusing to obey an order, and possessing a dangerous weapon. The defendant's medical records provided from BOP include self-induced medical issues including placing foreign bodies in his urethra and mouth and eating pieces of a television. His records also indicate that he has unspecified psychosis, schizophrenia, allergies, and diabetes." (Doc. 110 at 2).

to provide just punishment for the offenses.  Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

   **DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this <u>12th</u> day of June, 2023.

                */s/ Tom Barber*

                **TOM BARBER**
                **UNITED STATES DISTRICT JUDGE**